UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 06-61736-Civ-Hurley/Hopkins

RESPONSIBLE ME, INC.,

              Plaintiff,

v.

EVENFLO COMPANY, INC. et al.,

              Defendants.

_____/

## REPORT AND RECOMMENDATION AS TO DEFENDANTS' MOTIONS FOR ATTORNEY'S FEES AND COSTS (DEs 239, 263)

**THIS MATTER** has come before this Court upon an Order Referring Defendants'

Motions for Attorney's Fees and Costs to the undersigned United States Magistrate Judge for a

Report and Recommendation.  (DE 253).  This Court has before it Defendants' Motions,

Plaintiff's Opposition (DE 240, 254), and Defendants' Reply (DE 260).  The matter is now ripe

for review.

## BACKGROUND

According to the Amended Complaint, on November 14, 2006, United States Patent No.

7,134,714 ("the '714 Patent") was issued to Mente Connery, the inventor of an improvement for

baby highchair trays.  (DE 12 at ¶ 14).  The improvement Connery invented can generally be

described as a slide-away tray device that, when in the extended position, can support food and

beverage items, but keep them out of reach of the child.  *Id.*  Connery assigned the rights to the

'714 Patent to Plaintiff and on November 16, 2006, Plaintiff initiated the instant patent

infringement lawsuit against Defendant Evenflo Company Inc. ("Evenflo"), alleging that it

unlawfully infringed upon the '714 Patent by making, using and selling highchair trays with the "Slide-Away Parent Organizer Tray."  (DE 1).  On June 19, 2007, the District Court granted Plaintiff's motion to amend the complaint to include additional defendants, namely, stores that sold the allegedly infringing highchair tray ("the Retailer Defendants").  (DE 13).[1]

On August 27, 2008, the District Court rejected Plaintiff's allegations in the Amended Complaint and granted Defendants' motion for summary judgment, finding that the accused highchair tray did not infringe on the '714 Patent.  (DE 236).  Specifically, the District Court found that unlike the trays covered by the '714 Patent that could only hold food and beverage items when in the extended position, the accused product "include[d] drawer sub-trays that can be used to support food and/or beverage items when the drawer sub-trays are in *either the extended or storage positions*."  (DE 236 at page 6)(emphasis supplied).[2]  Based on this finding, the District Court concluded that no reasonable jury could find that Defendants' accused product, which "includes a feature that is expressly excluded from the scope of the claim in the '714 patent," literally infringed on Plaintiff's patent.  (DE 236 at page 7).  Similarly, the District Court rejected that there was any infringement under the doctrine of equivalents.  The District Court noted that during the prosecution of the '714 Patent, Plaintiff had specifically distinguished its tray from prior art capable of holding food and beverage items while in the retracted storage position.  Thus, the Court concluded that Plaintiff was precluded from later claiming that the

---

[1]  With the Amended Complaint, Plaintiff also removed its infringement allegations against Defendants' Majestic line of highchairs.  (DE 12).

[2]  In arriving at this conclusion, the Court relied on the Declaration of Todd S. Ventrola, the designer of the allegedly infringing highchair tray, who stated that when in the closed/storage position, his tray could hold and store "infant food spoons and crackers."  (DE 124).

doctrine of equivalents applied to such sub-trays.  (DE 236 at page 11).  The District Court

entered judgment in favor of Defendants on August 27, 2008.  With the entry of judgment, the

Court deemed Defendant Evenflo's motion for sanctions under Fed. R. Civ. P. 11 to be moot.

(DE 236).[3]

        With the instant motions, Defendants contend that they are entitled to reimbursement of

their attorneys' fees and costs pursuant to 35 U.S.C. § 285 because Plaintiff should have known

that its infringement claim was baseless.  Specifically, Defendants contend that because "the field

of 'technology' for the '714 Patent was crowded long before the patent was filed . . . [Plaintiff]

should have known that its scope of protection (if any) was extremely narrow." (DE 263 at page

10).

        Defendants contend that Plaintiff litigated this case "in a manner designed to maximize

legal costs to Defendants."  (DE 163 at page 6).  According to Defendants, Plaintiff (1) did not

conduct a "proper pre-filing investigation," (2) refused to engage in a "meaningful discussion on

the merits of its infringement allegations," (3) amended its Complaint to add the Retailer

Defendants which "would needlessly increase the cost of the litigation to Evenflo, while

changing none of its substance," and (4) engaged in two rounds of claim construction briefing.

(DE 263 at pages 5-7, 13).  According to Defendants, Plaintiff should have "acknowledged the

frivolity of its position" and discontinued this action "long ago."  (DE 263 at pages 3, 6).

        Plaintiff counters that "Defendants did not advance the argument that the accused product

was non-infringing because the drawer-subtray can be used for storage of food and beverage

---

        [3] On April 29, 2008, Defendant Evenflo brought a motion for Rule 11 sanctions against
Plaintiff and its attorneys for "the filing and continued prosecution of baseless claims."  (DE
144).

items in the closed position" until they filed their motion for summary judgment in March 2008. (DE 254 at page 4).  According to Plaintiff, Defendants did not raise this defense in response to Plaintiff's Cease and Desist Letter and did not introduce or advance this "attorney-created argument" until a few months before the District Court's dispositive decision.  Moreover, Plaintiff contends that there was "absolutely no evidence" that the accused product was "actually being used" in this manner or that Defendants were teaching their consumers to do so.  Thus, Plaintiff claims it could not have anticipated this defense and given the dubiousness of Defendants' theory once it was revealed, Plaintiff was entitled to pursue its infringement claims. (DE 254 at pages 3-5).  Finally, Plaintiff claims that Defendants cannot meet their burden with the instant motion because Plaintiff acted in good faith and relied on the advice of counsel who performed the pre-suit investigation.  (DE 254 at page 13).

## DISCUSSION

### 1.  Attorney's Fees under 35 U.S.C. §285

Generally, patent infringement lawsuits are subject to the same rules that govern other federal litigation, in that each party bears its own expenses.  *Merial Ltd. v. Intervet, Inc.*, 437 F. Supp. 2d 1332, 1335 (N.D. Ga. 2006).  However, there are two fee-shifting exceptions in the patent context, wherein one party may be ordered to pay the other party's attorney's fees.  *Id.* The statutory exception at issue here is 35 U.S.C. § 285, which states that "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party."  35 U.S.C. § 285. The purpose of this statute is to "prevent injustice by compensating the prevailing party for its monetary outlays in prosecution or defense of a suit where the conduct of the losing party is

clearly inequitable." *Multi-Tech, Inc. v. Components, Inc.*, 708 F.Supp. 615, 620 (D. Del.

1989)(*citing Rohm & Haas Co. v. Crystal Chemical Co.*, 736 F.2d 688, 692 (Fed. Cir. 1984)).

  In deciding whether to award a prevailing party their attorney's fees under 35 U.S.C. §

285, courts must conduct a two-part analysis.[4]  First, the court must determine whether the

prevailing party has proven "an exceptional case by clear and convincing evidence." *Perricone*

*v. Medicis Pharmaceutical Corp.*, 432 F.3d 1368, 1380 (Fed. Cir. 2005).  *See also Stephens v.*

*Tech Intern., Inc.*, 393 F.3d 1269, 1276 (Fed. Cir. 2004)("an exceptional case finding is not to be

based on speculation or conjecture but upon clear and convincing evidence").  Second, the court

must determine whether an award of attorney's fees is appropriate.  *Perricone*, 432 F.3d at 1380.

  The term "exceptional" is not defined by the statute, but the Federal Circuit has stated

that "exceptional circumstances include, *inter alia*, inequitable conduct during prosecution of a

patent, misconduct during litigation, vexatious or unjustified litigation, or a frivolous suit."

*Bayer Aktiengesellschaft v. Duphar International Research*, 738 F.2d 1237, 1242 (Fed. Cir.

1984).  Courts can also consider the closeness of the case, the tactics of counsel, the good faith of

the parties' conduct, and "any other factors contributing to imposition of punitive sanctions or to

a fair allocation of the burdens of litigation."  *Perricone*, 432 F.3d at 1380-81.  *See also Brooks*

*Furniture Mfg., Inc. v. Dutailier Intern., Inc.*, 393 F.3d 1378, 1381 (Fed. Cir. 2005)("[a] case

may be deemed exceptional when there has been some material inappropriate conduct related to

the matter in litigation, such as . . . misconduct during litigation, vexatious or unjustified

litigation, conduct that violates Fed. R. Civ. P. 11, or like infractions"); *Beckman Instruments,*

---

  [4]  The parties to this action do not dispute that based on the District Court's finding of
non-infringement, Defendants are the prevailing party.

*Inc. v. LKB Produkter AB*, 892 F.2d 1547, 1553-54 (Fed. Cir. 1989).

"A frivolous infringement suit is one which the patentee knew or, on reasonable investigation, should have known was baseless." *Haynes Int'l Inc. v. Jessop Steel Co.*, 8 F.3d 1573, 1579 (Fed. Cir. 1993). In considering a claim of frivolity, courts examine whether the suit was baseless when it was filed and also whether, at some point during the litigation, the patentee should have realized that continuing the lawsuit would be unjustified. *See Phonometrics, Inc. v. Choice Hotels Int'l, Inc.,* 186 F. Supp. 2d 1231, 1232-33 (S.D. Fla. 2002)(the filing and maintenance of a suit the patentee should know to be baseless can result in an award of attorney's fees under §285).

"Merely prevailing is not enough to show that a case is exceptional; there must be evidence of bad faith, fraud, gross negligence or unclean hands on the part of the losing party." *Ardisam, Inc. v. Ameristep, Inc.*, 2005 WL 2902492, *1 (W.D. Wis. Nov. 3, 2005). *See also Brooks Furniture Mfg., Inc.*, 393 F.3d at 1384 ("[i]nfringement is often difficult to determine, and a patentee's ultimately incorrect view of how a court will find does not of itself establish bad faith"); *Multi-Tech, Inc.*, 708 F.Supp. at 620 (defendant "must demonstrate that there is evidence of actual wrongful intent or of gross negligence" on the part of the plaintiff/patentee in bringing or maintaining the action). Courts can also deem a case exceptional "if the conduct of the losing party would make it grossly unjust for the prevailing party to be left with the burden of litigation expenses." *Ardisam, Inc.*, 2005 WL 2902492 at *1 (*citing Badalamenti v. Dunham's Inc.*, 896 F.2d 1359, 1364 (Fed. Cir. 1990)).

In determining awards of attorney's fees under 35 U.S.C. § 285, courts must remain mindful that such awards are "neither usual nor customary" and "never follow[] as a matter of

course from the outcome of the case." *Ardusam, Inc.*, 2005 WL 2902492 at *1. *See also Visto*

*Corp. v. Sproqit Technologies, Inc.*, 2007 WL 160942, *2 (N.D. Cal. Jan. 17, 2007)(court noted

that "use of the term 'exceptional' in § 285 is not to be taken lightly"); *Knorr-Bremse Systeme*

*Fuer Nutzfahrzeuge GmbH v. Dana Corp.*, 372 F. Supp. 2d 833, 851 (E.D. Va. 2005)("Congress

in choosing to limit district court authority to award attorney's fees to 'exceptional' cases has

made clear that this should occur only in rare or extraordinary cases.").  Indeed, the Federal

Circuit has "cautioned that 'it is not contemplated that the recovery of attorney's fees will

become an ordinary thing in patent suits.'" *International Automated Systems, Inc. v. IBM*, 2009

WL 87610, *16 (D. Utah Jan. 12, 2009)(*quoting Forest Labs., Inc. v. Abbott Labs.,* 339 F.3d

1324, 1329 (Fed. Cir. 2003)(§285 must be "limited to circumstances in which it is necessary to

prevent a gross injustice to the accused infringer")).

    With this background in mind, the Court considers the high threshold Defendants must

surpass to prevail on their motion for attorney's fees under §285.  In this regard, the pertinent

inquiry is whether Plaintiff knew or should have known that it could not successfully assert the

'714 patent against Defendants, but pursued its infringement claims anyway.

    First, Defendants contend that Plaintiff initiated this lawsuit in bad faith because it failed

to conduct a proper pre-filing investigation.  As an initial matter, the Court notes that "[t]here is a

presumption that the assertion of infringement of a duly granted patent is made in good faith."

*Brooks Furniture Mfg., Inc.*, 393 F.3d at 1382.  Moreover, even if Plaintiff failed to conduct a

thorough pre-filing investigation, such a failure "without more, is not grounds for finding a case

to be 'exceptional' under 35 U.S.C. § 285." *Ultra-Temp Corp. v. Advanced Vacuum Systems,*

*Inc.*, 189 F.R.D. 17, 21-25 (D. Mass. 1999)(despite court's finding that plaintiff "undertook little,

if any, investigation prior to filing its infringement complaint" and that such was "more than

simply negligent," court declined to find that the complaint was so lacking in merit as to be

deemed frivolous and declined to award fees under § 285).  *See also MEMC Electronic*

*Materials, Inc. v. Mitsubishi Materials Silicon Corp.*, 420 F.3d 1369, 1381 (Fed. Cir. 2005)(even

though patentee's pre-filing investigation was "not ideal," court found it "did not rise to the level

of sanctionable conduct under Section 285"); *Ardusam, Inc.*, 2005 WL 2902492 at *1 (although

court found that plaintiffs' pre-filing investigation "left much to be desired," court concluded it

was not so egregious to constitute an "exceptional case" and denied the motion for attorney's

fees).

Here, there is no evidence to suggest an inadequate pre-filing investigation.  Rather,

Plaintiff states that it reasonably relied upon the advice of counsel regarding the alleged

infringement before initiating this lawsuit.  (DE 254 at page 13).  *See Brooks Furniture Mfg.,*

*Inc.*, 393 F.3d at 1383 (court found attorney's fees under 35 U.S.C. § 285 to be inappropriate

given that patentee had relied on counsel and design experts' opinion that accused product

constituted infringement); *Andrew Corp. v. Gabriel Electronics, Inc.,* 785 F.Supp. 1041, 1055

(D. Me. 1992)(court declined to award §285 fees where losing party relied in good faith "on what

seemed like competent, soundly based advice").

Moreover, the parties' exchange of correspondence at the early stages of this lawsuit

indicate that Plaintiff sought information from Defendants about their highchair trays, but

Defendants were reluctant to provide the information and declined to share their theory that their

trays did not infringe on the '714 Patent because they could support items in the closed position.

*See* Plaintiff's Response, Exhibits A, B, C (DE 254).  Rather, Defendants focused on their

intention to show the invalidity of the '714 Patent.  *Id.*  Defendants' strategy appears unlikely to thwart litigation given that  "[p]atents issued by the PTO enjoy a presumption of validity" and "patentees need not submit any evidence as to the validity of their patents before initiating an infringement claim."  *International Automated Systems, Inc.*, 2009 WL 87610 at *18).  In this regard, it is also telling that Defendants never filed a motion to dismiss.  If Plaintiff's claims were so blatantly meritless from the beginning, it seems that Defendants might have presented the issue to the Plaintiff and the Court much earlier than they did.  *See Villi Glas G.m.b.H. v. Everstone Pty. Ltd.*, 2007 WL 2915913, *1 (M.D. Fla. Oct. 5, 2007)(court declined to award attorney's fees under §285 where defendants failed to file a motion to dismiss).  Thus, the Court finds that Plaintiff's initiation of this lawsuit was not so baseless as to warrant sanctions.

Similarly, the Court does not find that Plaintiff maintained the lawsuit in bad faith. Defendants' reluctance to share their specific theory of non-infringement until the case had been pending for well over a year undermines Defendants' contention that Plaintiff should have discontinued the action "long ago."  Defendants' contention that Plaintiff acted in bad faith is also belied by the fact that in amending its complaint, Plaintiff narrowed its claims by removing its infringement allegations against Defendants' Majestic line of highchairs.  (DE 12).

Moreover, nothing in the District Court's decision granting Defendants' motion for summary judgment suggests that it found Plaintiff's lawsuit to be frivolous, brought in bad faith, or advancing a strained or unsupported claim construction.  *See Visto Corp.*, 2007 WL 160942 at *5 (court refused to award §285 fees where court found patentee's losing position to be plausible);  *Phonometrics, Inc.,* 186 F. Supp. 2d at 1232 ("[w]hen a party makes a colorable, albeit weak, argument that was not raised in bad faith, the court should not grant attorneys

fees")(*internal quotations and citations omitted*).  Rather, it seems that this was a close call,

given that the District Court's finding of non-infringement hinged largely on one statement by

Evenflo's designer that he had identified two items his highchair tray could support in the closed

position, namely, baby spoons and crackers.  *See* Declaration of Todd S. Ventrola (DE 124 at ¶

3).  That Defendants ultimately prevailed in the lawsuit based on this slight and never before

raised distinction suggests that this outcome was a "close call" and that, therefore, this is not an

exceptional case.  *See Icon Health & Fitness, Inc. v. The Nautilus Group, Inc.,* 2006 WL 753002,

*7-10 (D. Utah March 23, 2006)(court declined to make a finding of exceptionality under §285

where the outcome was a "close case")*; Tristrata Technology, Inc. v. ICN Pharmaceuticals,

Inc.*, 314 F. Supp. 2d 356, 361-62 (D. Del. 2004)(where claim construction was strongly

contested and case was "not so obnoxious as to clearly call for assessing a punitive damage

award" court declined to award §285 fees).  *See also Visto Corp.*, 2007 WL 160942 at *5

("Given the vagaries often inherent in the claims construction process, it appears to be the

exception, and not the rule, for a court to find terms of a patent so obvious on its face, and thus

the construction offered by a party so obviously unreasonable, that sanctions under § 285 would

be warranted.").

      Moreover, the Court's finding that this is a close case appears to find support in the fact

that the District Court declined to address the merits of Defendant Evenflo's motion for sanctions

under Rule 11, instead preferring to deem the motion moot.  Given that sanctions under §285

may impose an even higher burden of proof on Defendants than do sanctions under Rule 11,

which were not awarded in this case, this Court cannot recommend that §285 sanctions be

imposed.  *See International Automated Systems, Inc.*, 2009 WL 87610 at *18 (while facts "may

possibly have supported a successful Rule 11 motion, they do not rise to the level of bad faith litigation or gross negligence required to warrant exceptional status under §285").

Accordingly, the Court finds that Defendants have not sustained their heavy burden of demonstrating by clear and convincing evidence that Plaintiff's conduct in this case caused it to be exceptional. *Cf. F&G Research, Inc. v. Google, Inc.,* 2007 WL 2774031, * 12-13 (S.D. Fla. Sept. 21, 2007)(where plaintiff merely "cut and pasted Google's name into its stock pleadings," made claims that a "two-minute perusal of Google's website" would have revealed to be false, and "continually misrepresented" the facts and law, the court found the case to be exceptional under §285 and awarded attorney's fees); *Multi-Tech, Inc.*, 708 F.Supp. at 620 (based on the patent's prosecution history, which clearly limited the scope of plaintiff's patent and did not cover the accused product, court awarded §285 attorney's fees, finding that the lawsuit was "unjustified," "frivolous" and one that "intelligent people should have known would have no chance at success").

### 2.  Bill of Costs

Relying on Fed. R. Civ. P. 54(d)(1) and 28 U.S.C. § 1920, Defendants move for an award of costs incurred in defending this action, in a total amount of $8,219.58.  (DE 239).  A review of Defendants' Bill of Costs shows that they seek the following costs: (a) costs for court reporter and transcript fees; (b) costs for exemplification and copies of papers; and (c) expert witness fees.  (DE 239).[5]

Under the Federal Rules, prevailing parties are entitled to recover costs as a matter of

---

[5]  In their reply papers, Defendants agreed to forgo reimbursement of the $75.00 fee paid in conjunction with a *pro hac vice* application.  (DE 246).

11

course unless otherwise directed by the court or statute.  *See* Fed. R. Civ. P. 54(d)(1) (2007).

Rule 54(d) creates a presumption in favor of awarding costs to the prevailing party.  *See Manor*

*Healthcare Corp. v. Lomelo*, 929 F.2d 633, 639 (11th Cir. 1991).  However, such presumption is

not without limits, and courts may only tax costs as authorized by statute.  *See EEOC v. W&O,*

*Inc.*, 213 F.3d 600, 620 (11th Cir. 2000)(*citing Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482

U.S. 437, 445 (1987)).

     "Section 1920 enumerates expenses that a federal court may tax as a cost under the

discretionary authority found in Rule 54(d)."  *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482

U.S. 437, 441-442 (1987).  This section provides in part,

> A judge or clerk of any court of the United States may tax as costs the following:
> (1) Fees of the clerk and marshal;
> (2) Fees of the court reporter for all or any part of the stenographic transcript
> necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and copies of papers necessarily obtained for use in
> the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and
> salaries, fees, expenses, and costs of special interpretation services under section
> 1828 of this title.

28 U.S.C. § 1920 (2007).

     Where a party challenges the costs requested, the burden lies with the challenging party.

*See EEOC v. W & O, Inc.*, 213 F.3d 600, 621 (11th Cir. 2000).  *See also Ferguson v. Bombardier*

*Srvcs. Corp.*, 2007 WL 601921, *3 (M.D. Fla. Feb. 21, 2007)(observing that the burden lies with

the losing party, unless knowledge of the requested cost is within the exclusive knowledge of the

requesting party) (*citing Desisto College, Inc. v. Howey-in-the-Hills*, 718 F. Supp. 906, 910 n. 1

(M.D. Fla. 1989)).

### A.  Fees for the Court Reporter and Transcripts

Defendants seek to recover $5,014.55 in costs for court reporter and transcript fees associated with five depositions and the first part of the Markman Hearing held on May 29, 2008.

The Eleventh Circuit has held that costs for deposition transcripts are generally taxable as long as the transcripts were "necessarily obtained for use in the case."  *See EEOC*, 213 F.3d at 620-621 (noting that costs of deposition transcripts may be taxed where the transcripts were, either wholly or partially, "necessarily obtained for use in the case") (*citing* § 1920(2)).  The question of whether deposition costs are taxable turns on the factual question of whether the deposition was wholly or partially "necessarily obtained for use in the case."  *Id*. at 621.  The burden lies with the challenging party to show that the depositions were not related to an issue in the case at the time the deposition was taken.  *Id*.  District courts have wide latitude in determining whether a deposition was "necessarily obtained" for use in the case.  *See Ferguson*, 2007 WL 601921, *3.

Aside from the transcript of the May 29, 2008 Markman Hearing, Plaintiff does not appear to contest the necessity of the five deposition transcripts for which Defendants seek reimbursement.  Rather, Plaintiff only objects to the costs stemming from the expediting and condensing of the transcripts, the creation of "CD Litigation Packages," exhibit scanning and shipping charges.  (DE 240).  According to Plaintiff, because Defendant did not delineate these "non-taxable costs," the entire amounts should be disallowed.  In their reply papers, Defendants itemized the expenses involved with each deposition.  (DE 246).

With regard to the transcript of the first part of the Markman Hearing, the Court finds that Defendants have demonstrated that such expense ($727.50) was necessary to prepare for the

13

second part of the Markman hearing and also in drafting the claim construction Order.

Moreover, Plaintiff has not met its burden of establishing that such expense was not necessary.

*See EEOC v. W & O, Inc.*, 213 F.3d 600, 621 (11th Cir. 2000) (finding that challenging party did

not sustain its burden of demonstrating transcript was unnecessary).  *See also Chore-Time*

*Equipment, Inc. v. Cumberland Corp.*, 713 F.2d 774, 781-82 (Fed. Cir. 1983)(under §1920(2)

costs of transcripts of pre-trial and post-trial hearings are recoverable).

       With regard to the additional charges included in the five deposition transcripts, most

courts have found that the costs for shipping, exhibit scanning, disk copies and mini-scripts are

not taxable as costs.  *See Feinschreiber v. United States,* 2002 WL 31084156, *2 (S.D. Fla. Aug,

12, 2002)(*citing Price v. United Technologies Corp.*, 2001 WL 36085163 (S.D. Fla., Nov. 16,

2000); *Scallet v. Rosenblum*, 176 F.R.D. 522, 527 (W.D. Va. 1997)).  Accordingly, this Court

agrees that Defendants are not entitled to recover these costs.

       However, with regard to the cost for expedited transcripts, the Court finds that

Defendants are entitled to reimbursement for the expedited rate associated with the depositions

of Brian Steinberger and Robert Hoekstra because Defendants have produced evidence that

Plaintiff did not produce these individuals until one week before Defendants' motions *in limine*

were due.  Given that Defendants needed the transcripts of these individuals to support their

*Daubert* motions, the Court finds that this additional cost was necessary.  *See Ferrostaal, Inc. v.*

*M/V Tupungato*, 2008 WL 2796644, *2 (S.D.N.Y. July 16, 2008)(court found that deposition

transcript was expedited in order to meet pre-trial order motion deadline and therefore the costs

for expedition were properly taxed);  *Cleveland Area Bd. of Realtors v. City of Euclid*, 965

F.Supp. 1017, 1025 (N.D. Ohio 1997) (taxing costs of an expedited transcript, where such

14

transcript was necessary for impending preliminary injunction hearing).  In the absence of evidence that it was necessary to expedite the transcripts for the remaining three depositions, the Court finds that those costs should not be allowed.

Accordingly, the finds that Defendants are entitled to $3,292.20 for the deposition transcripts, plus $727.50 for the hearing transcript, for a total of $4,019.70.

**B.  Fees for Exemplification and Copies**

Defendants also seek an award of $1,280.03 for their copying costs, claiming that such costs were reasonably necessary to the case.  In support of their request, Defendants offer the Declaration of Lawrence Silverman, Esq.  (DE 246).

Section 1920(4) permits taxation of "[f]ees for exemplification and copies of papers necessarily obtained for use in the case."  *See EEOC*, 213 F.3d at 622.  However, copies obtained only for the convenience of counsel are not recoverable.  *See Desisto College, Inc. v. Town of Howey-in-the-Hills*, 718 F. Supp. 906, 913 (M.D. Fla. 1989)(*citing Allen v. Freeman*, 122 F.R.D. 589, 591 (S.D. Fla. 1988)).

The party moving for an award of copy costs has the burden of showing that the copies were necessarily obtained for use in the case.  *See Zunde v. International Paper Co.*, 2000 WL 1763843, *6 (M.D. Fla. July 20, 2000)(stating that the prevailing party bears the burden of proving that the copies were necessary) (*citing Desisto College, Inc.*, 718 F. Supp at 910, n.1).  *See also Helms v. Wal-Mart Stores, Inc.*, 808 F. Supp 1568, 1570 (N.D. Ga. 1992) (noting that the party seeking to recover copy costs "must come forward with evidence showing the nature of the documents copied, including how they were used or intended to be used in the case") (*citing Corsair Asset Management, Inc. v. Moskovitz*, 142 F.R.D. 347, 353 (N.D. Ga. 1992); *Desisto*

*College, Inc.*, 718 F. Supp. at 914).  Where the movant has failed to itemize copies necessarily obtained for use in the case and those that were made for their own convenience, an award of costs may be denied.  *See Desisto College, Inc.*, 718 F. Supp. at 914 (declining to award costs for copies because the defendants failed to itemize copies necessarily obtained for use in the case and those obtained for the convenience of counsel).

   This Court concludes that Defendants should not be permitted to recover their copying costs because they have not met their burden with respect to such request.  Defendants' reply papers merely state that the reasonableness of the amount sought "can be gleaned" from the fact that the per page cost ranged from ten to fifteen cents and that the "total universe of copies is minuscule when viewed against the backdrop of a heavily contested and protracted litigation." (DE 246 at page 8).  The only breakdown provided by Defendants is that of the 11,000 pages copied, 5,000 pages related to discovery and 6,000 related to court filings, such as motions.  (DE 246 at page 8-9).  Mr. Silverman's Declaration does not shed any additional light on this issue and only states that his firm, which took over the handling of Defendants' case in January 2008, has adopted "cost-effective and environmentally friendly" policies and "strives to maintain paperless files."  *See* Silverman Dec. at ¶ 9.  While the Court appreciates that Defendants are not seeking to recoup their copying costs that pre-date January 2008, this does not negate the fact that Defendants have not come forward with specific evidence regarding the nature of the documents copied and how they were used or intended to be used in the case.   Accordingly, the request should be denied.  *See DeSisto College, Inc.*, 718 F. Supp. at 914 (declining to award costs for copies because the defendants failed to itemize copies which were necessarily obtained for use in the case and those that were made for their own convenience); *Helms*, 808 F. Supp at 1570

(declining to award costs for copies because the defendant failed to explain how the copies were used in the case).

### C.  Expert Witness Fee

Finally, Defendants seek reimbursement of $1,925.00 which Plaintiff's expert charged as his fee for giving his deposition.

Section 1920(6) clearly states that only costs for court appointed experts may be taxed. *Rosa v. City of Fort Myers*, 2008 WL 1776458, *2 (M.D. Fla. April 18, 2008)("non-court appointed expert fees are not taxable").  Moreover, 28 U.S.C. § 1821(b) states that a witness attending a deposition shall be paid a $40.00 attendance fee per day.  "This $40.00 is a maximum amount per witness, *including expert witnesses*."  *Rosa*, 2008 WL 1776458 at *2 (*emphasis added*).  Accordingly, the Court finds that reimbursement for Plaintiff's expert's witness fee should be reduced to $40.00.  *See  Morrison v. Reichhold Chems., Inc.*, 97 F.3d 460, 463 (11th Cir. 1996)(district court erred in taxing expert witness fee in excess of $40 per day).  *See also James v. Wash Depot Holdings, Inc.*, 242 F.R.D. 645, 651 (S.D. Fla. 2007)(court limited recovery of witness fees to $40 per day).

### REPORT AND RECOMMENDATION TO THE DISTRICT COURT

In light of the foregoing, this Court **RECOMMENDS** that the District Court:

(1)  **DENY** Defendants' Motion for Attorneys Fees and Costs under 35 U.S.C. § 285 (DE 263) and

(2) **GRANT IN PART AND DENY IN PART** Defendants' Motion for Costs under Fed. R. Civ. P. 54 and 28 U.S.C. § 1920 (DE 239) and award Defendants costs as follows:

1.) Costs for Court Reporter and Transcript Fees: $4,019.70

17

2.) Costs for Copying and Exemplification: $0.00

3.) Costs for Expert Witness Fees: $40.00

**TOTAL AWARD OF COSTS**: $4,059.70

<u>**NOTICE OF RIGHT TO OBJECT**</u>

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Daniel T. K. Hurley, United States District Court Judge for the Southern District of Florida, within ten (10) days of being served with a copy of this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1)(C); *United States v. Warren*, 687 F.2d 347, 348 (11th Cir. 1982), *cert. denied*, 460 U.S. 1087 (1983). Failure to timely file objections shall bar the parties from attacking on appeal the factual findings contained herein. *See LoConte v. Dugger*, 847 F.2d 745 (11th Cir. 1988), *cert. denied*, 488 U.S. 958 (1988); *RTC v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993).

**DONE AND SUBMITTED** this 4 day of February, 2009 at West Palm Beach in the Southern District of Florida.

_James M. Hopkins_

_____
JAMES M. HOPKINS
UNITED STATES MAGISTRATE JUDGE

Copies to:  The Hon. Daniel T. K. Hurley, United States District Court Judge for the Southern
District of Florida
Counsel of Record